RECEIVED
JUL 07 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JACQUELINE L. WHITAKER        CIVIL ACTION NO. 15-644

VERSUS        JUDGE DONALD E. WALTER

MICHAEL P. HUERTA        MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the court is a motion to dismiss, [Doc. #4], filed on behalf of defendant Michael P. Huerta ("Huerta"). Plaintiff Jacqueline L. Whitaker ("Whitaker"), proceeding *pro se*,[1] opposes the motion. [Doc. #6]. For the following reasons, the motion is **GRANTED**.

### I. BACKGROUND

Whitaker's complaint alleges that she is the target of unauthorized aerial surveillance. [Doc. #1, p. 1]. She alleges that, beginning in January of 2011, "military planes from Barksdale Air Force base, unmarked small planes/helicopters, and unmanned drones" were regularly dispatched to her home to conduct surveillance on her, sometimes multiple times in a single day. *Id.* She further alleges that the surveillance occurred throughout the greater Shreveport–Bossier area, including at her place of employment, her daughter's place of employment, and her church. *Id.* at 2–4.

Whitaker's complaint does not state why she believes the surveillance is taking place. However, an earlier lawsuit filed by Whitaker in this court is instructive on this point. *See Whitaker v. Barksdale Air Force Base, et. al*, No. 5:14-cv-02342 (W.D. La. 2015) ("*Whitaker I*"). In that case,

---

[1] Because Whitaker is proceeding *pro se*, the court holds her pleadings to "less stringent standards than formal pleadings drafted by lawyers." *Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)).

Whitaker claimed that federal and state officials began tracking her due to a dispute with Bob Coates, a "retired airman" who lives across the street from her. *Whitaker I*, Doc. #1, p. 1. After Whitaker lodged numerous complaints about Coates operating a daycare center out of his home, Coates allegedly told officials at Barksdale that Whitaker "was terrorizing his family." *Id.* As a result of Coates's statement, Barksdale officials allegedly directed the Federal Bureau of Investigation and the Louisiana State Police to follow Whitaker. *Id.* at 2–3. Whitaker claimed that she was then subjected to all manner of illegal surveillance and monitoring, including surveillance from the air. *Id.* at 2–3. The original suit was dismissed without prejudice on February 11, 2015.[2] *Whitaker I*, Doc. #10.

One month after the dismissal, Whitaker filed the instant suit focusing exclusively on alleged aerial surveillance. This time, Whitaker claims that Michael P. Huerta, the head administrator of the Federal Aviation Administration ("FAA"), "authorized unrestricted air surveillance against her without a court order," in violation of "FAA rules and procedures." [Doc. #1, p. 1; Doc. #3]. She therefore brings this *Bivens*[3] action against Huerta for violating her Fifth-Amendment right to procedural due process. *Id.* at 5–7. She also asserts a state-law tort claim for intentional infliction

---

[2] The original suit named Barksdale Air Force Base, the FBI, the United States Attorney's Office, and the Louisiana State Police as defendants. Whitaker claimed that these defendants violated her rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. *Whitaker I*, Doc. 1, p. 1. Whitaker also alleged violations of the Electronic Communications Privacy Act of 1986, 18 U.S.C. §§ 2510, *et seq.*, and the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. §§ 1801, *et seq. Id.* United States District Judge Elizabeth Foote dismissed the matter without prejudice on sovereign-immunity grounds, finding that all named defendants were federal and state agencies who were immune from suit under the Eleventh Amendment. *Whitaker I*, Doc. #10.

[3] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).

of emotional distress.[4] *Id.* Huerta is the only defendant named in the suit.

Huerta now moves for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a plausible claim for relief. [Doc. #4]. Additionally, Huerta argues that Whitaker's claim should be dismissed based on *res judicata* and failure to state a cognizable claim for emotional distress under Louisiana law. *Id.* at 4–7.

## II. LAW & ANALYSIS

As a preliminary matter, the court finds that the dismissal of Whitaker's earlier suit does not have preclusive effect on the current suit. In the original case, the court dismissed the matter without prejudice due to the named defendants being immune from suit under the Eleventh Amendment. *Whitaker I*, Doc. #10. Thus, the issues determined in the first suit are different from the issues presented in this suit. It is true that the first dismissal briefly addressed Whitaker's illegal-surveillance allegations against certain individuals referenced in Whitaker's pleadings and concluded that those allegations lacked merit. *Id.* at 17–18. However, Huerta was not one of those individuals. Because the prior judgment was not a final judgment on the merits as to the claims against Huerta, the doctrine of *res judicata* does not apply. *See, e.g., Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005) (discussing *res judicata* requirements).

Huerta has moved for dismissal pursuant to Rule 12(b)(6). A motion filed pursuant to Rule 12(b)(6) challenges the sufficiency of a plaintiff's allegations. When ruling on a 12(b)(6) motion, the court accepts the plaintiff's factual allegations as true and views those facts in the light most favorable to the plaintiff. *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). To survive

---

[4] The court's jurisdiction to hear the state-law claim has not been challenged. Nonetheless, the court notes that it has original jurisdiction over the Fifth-Amendment claim under 28 U.S.C. § 1331, and supplemental jurisdiction over the state-law claim under 28 U.S.C. § 1367.

a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 652, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). "A claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. . . . Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007) (quoting *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)); *see also Iqbal*, 556 U.S. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").

Whitaker bases her civil-rights claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). In *Bivens*, the United States Supreme Court held that the Constitution provides an implied cause of action against any person who, under the color of federal law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. *Id.* A *Bivens* action is analogous to an action under 42 U.S.C. § 1983, the difference being that *Bivens* applies to federal officials whereas a § 1983 claim applies to state officials. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir. 2005). The analysis of a § 1983 action applies equally to a *Bivens* action. *Id.*

In order to state a cognizable *Bivens* claim, the plaintiff must allege: (1) that a constitutional right has been violated; and (2) that the conduct complained of was committed by a person acting under color of federal law. *See, e.g., Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985)

(citing *Davis v. Passman,* 442 U.S. 228, 247 (1979)). Under both § 1983 and *Bivens,* "supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability." *Thompkins v. Belt,* 828 F.2d 298, 303 (citations omitted). Rather, the plaintiff must show "(1) [the supervisor's] personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Id.* at 304 (citing *Harvey v. Andrist,* 754 F.2d 569, 572 (5th Cir. 1985). Otherwise, a supervisor can only be held liable if the supervisor implements a policy so deficient that the policy itself is a violation of the plaintiff's constitutional rights. *Id.*

Even accepting Whitaker's allegations as true, she fails to state a plausible claim that a constitutional violation has taken place. At best, Whitaker establishes that there may have been low-flying aircraft in her vicinity on the dates listed in her complaint.[5] The court does not accept as true the unwarranted factual inference that the aircraft were spying on her, much less the purely conclusory allegation that the head of the FAA personally authorized covert espionage. *See, e.g., Plotkin v. IP Axess, Inc.,* 407 F.3d 690, 696 (5th Cir. 2002) ("We do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions."). There is no a reasonable expectation that further litigation or discovery will reveal that aerial surveillance took place or that Huerta—or any other person—personally engaged in any illegal conduct. As such, dismissal of Whitaker's *Bivens* claim is appropriate under Rule 12(b)(6).

---

[5] It is worth noting that several of the places listed in the complaint where Whitaker claims aerial surveillance occurred are located near centers of aircraft activity. [Doc. #1, pp. 2–4]. A consultation of any map of the Shreveport–Bossier area reveals that Whitaker's house is very close to Barksdale Air Force Base and the Shreveport Downtown Airport. Additionally, Whitaker's church is located near the Shreveport Regional Airport. Considering the proximity of these locations to areas where aircraft operate, it is not surprising that low-flying aircraft would be seen there.

Whitaker's state-law claim for emotional distress claim likewise fails. Under Louisiana law, a plaintiff seeking to recover for emotional distress must establish: "(1) that the conduct of the defendant was extreme and outrageous; (2) that the emotional distress suffered by the plaintiff was severe; and (3) that the defendant desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." *White v. Monsanto Co.*, 585 So. 2d 1205 (La. 1991). The allegations of Whitaker's complaint fail to give rise to a plausible belief that Huerta took any actions against plaintiff at all, let alone "extreme and outrageous" actions. Furthermore, there is no serious claim that Huerta "desired to inflict severe emotional distress or knew that severe emotional distress would be certain or substantially certain to result from his conduct." Accordingly, Whitaker's state-law claim is dismissed as well.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that the motion to dismiss, [Doc. #4], be and is hereby **GRANTED**, and that Whitaker's claims be and are hereby **DISMISSED WITH PREJUDICE**. A judgment consistent with this memorandum ruling shall be issued herewith.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 7 day of July, 2015.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE